Leonard Kelley, Plaintiff-Appellant, v. Civil Service Commission, Dolores L. Sheehan, President, Albert W. William, Member, and James Osborne, Secretary, Defendants-Appellees.

Gen. No. 48,271.

First District, Second Division.

April 18, 1961.

Joseph I. Bulger, G. J. Devanna and Francis A. Fanelli, of Chicago, for appellant.

John C. Melaniphy, Corporation Counsel of the city of Chicago (Sydney R. Drebin and John J. O'Toole, Assistant Corporation Counsel, of counsel) for appellees.

MR. JUSTICE BRYANT delivered the opinion of the court.

On October 27, 1958, Timothy J. O'Connor, Commissioner of Police, filed charges with the Civil Service Commission of the City of Chicago, against the plaintiff, Leonard J. Kelley, a patrolman in the Department of Police in the City of Chicago. He was charged with violating section 3, Rule 389 of the Rules and Regulations of the Department of Police, viz., "Conduct unbecoming a police officer or employee of the Police Department". The Commission found that on September 13, 1958, the plaintiff, after arresting Robert Trice, against whom James Dunn had signed a complaint, took twelve dollars from Trice and then released Trice from custody without the permission of his district commander. The plaintiff was ordered discharged from his position as patrolman. The Circuit Court affirmed the finding and decision of the Commission and the plaintiff now appeals to this court for review.

The Circuit Court, in acting as a primary court of review of the finding of an administrative agency, can only set aside the finding if it "is against the manifest weight of the evidence, and the Appellate

116

Court has no greater right." Adamek v. Civil Service Commission, 17 Ill.App.2d 11, 17, 149 N.E.2d 466. "To be against the manifest weight of the evidence requires that an opposite conclusion be clearly evident." Arboit v. Gateway Transportation Co., 15 Ill.App.2d 500, 507, 146 N.E.2d 582. "The provisions of the (Administrative Review) Act as to the scope of judicial review have been construed to mean that the courts are not authorized to reweigh the evidence or to make an independent determination of the facts." Kohout v. Civil Service Commission of Chicago, 28 Ill.App.2d 388, 171 N.E.2d 683. The Commission is the judge of the credibility of the witnesses, and its finding will not be disturbed merely because the evidence is conflicting. "The Commission saw and heard the witnesses. They are in a better position than either this court or the trial court to evaluate the testimony." ibid., p. 394. "Nothing in the Administrative Review Act gives the court the power to determine the extent of the punishment, nor in the light of the past history of this litigation and in the light of existing conditions, is it in the public interest for this court to assume such a power." Nolting v. Civil Service Commission, 7 Ill. App.2d 147, 159, 129 N.E.2d 236.

Having these general standards in mind, we will then proceed to a review of the finding of the Commission.

On September 13, 1958, at approximately 1:15 a.m., Robert H. Trice and James Dunn were involved in a scuffle in the vicinity of Clark and Division Streets. The plaintiff, in the company of Police Officers Schisler and Jamborne, stopped the scuffle. Dunn signed a complaint against Trice and Dunn was then released. Trice was then placed in a squadrol and the complaint was given to the officer in charge of the squadrol by Officer Schisler. Upon arrival at the Hudson Avenue Station, Trice was taken into the lock-up.

117

Trice said that he and the plaintiff went into a little room behind the lock-up and that the plaintiff asked him how much money he had. Trice said that he took out his wallet and said that he had $12.00 and that the plaintiff took the $12.00 and searched him to see if he had any more money. He testified that the plaintiff then went over and said something to another officer, and that when he came back he told Trice he was going to let him go. Trice said that the plaintiff kept the money and that he gave him the money only because the plaintiff asked him for it.

Trice said that several days later, he informed the acting captain of the Hudson Avenue Station what Kelley had done. Subsequently, Trice said that the plaintiff attempted to contact him and requested that he drop the charges against him, however, Trice said that he told the plaintiff that it was too late.

The plaintiff denied that he took any money from Trice. He said that he released the prisoner because he did not regard him as having been under arrest. He said that he would not have released him earlier because he was taking him to the station for an investigation, however, no such investigation was conducted. He disclaimed any knowledge of the police regulation forbidding officers from releasing prisoners.

Both officers who accompanied Kelley testified that Dunn had signed a complaint against Trice at the scene of the altercation. Detective Corbett, the officer in charge of the patrol wagon, testified that he picked up the prisoner and was given the complaint by Schisler. He said that he took the prisoner to the station and left the complaint on the desk. Corbett and his partner on the squadrol, Stamos, testified that there were no other prisoners in the squadrol when the plaintiff placed Trice in it. Police Sergeant English testified that he was in charge of the Station at that time and

that he did not authorize the prisoner's release. The complaint against Trice was not located.

The plaintiff's own testimony is subject to some inconsistency. He said that when he placed Trice in the squadrol, he thought that there were several other prisoners there also, and that he first learned that Dunn was released when he arrived at the station by separate conveyance. His decision to release Trice was based in part on the fact that Dunn was given "a pass". Also, he said that he informed his associates that he was going to release Trice, however, both Schisler and Jamborne testified that Kelley had first released Trice before he informed them of this irregular procedure.

■ The question before us is whether from the evidence adduced at the hearing, an opposite conclusion is clearly evident. It is clear from the foregoing that the finding and decision of the Civil Service Commission must be affirmed.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

BURKE, P. J. and FRIEND, J., concur.