THOMAS T. KELLY, Plaintiff-Appellant, v. THE POLICE BOARD OF THE CITY OF CHICAGO et al., Defendants-Appellees.

(No. 59946;

First District (5th Division)—January 10, 1975.

*Opinion modified upon denial of rehearing February 14, 1975.*

Howard T. Savage, of Chicago (Patricia Unsinn, of counsel), for appellant.

Richard L. Curry, Corporation Counsel, of Chicago (Daniel Pascale, Michael J. Kelly, and Richard F. Friedman, Assistant Corporation Counsel, of counsel), for appellees.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from an order of the circuit court sustaining a finding of cause for dismissal by the Police Board of the City of Chicago (Board) against the plaintiff, for violating Rules 2 and 6 of the department. On appeal, plaintiff contends (1) the written charges fail to state sufficient cause for discharge; and (2) the decision of the Board is not supported by substantial evidence appearing in the record.

Administrative hearings were held before a hearing officer appointed by the Board. The Board then reviewed the transcript of those hearings and found at point 7 of its "Findings and Decisions":

> "The Respondent as charged herein, contrary to the Rules and Regulations of the Department of Police, is guilty of violating Rule 2, 'Any action or conduct which impedes the Department's efforts to achieve its goals, or brings discredit upon the Department', in that on July 11, 1972 he was apprehended by the River Grove Police Department at the scene of a burglary and was subsequently charged with Burglary and Theft."

While points 8 and 9 of the "Findings and Decisions" relate to violations of Rule 6, the Board concedes that the evidence is insufficient to sustain those charges. The Board justifies its action discharging plaintiff solely on the violation of Rule 2. Relative thereto, the following evidence was adduced at the administrative hearing.

Patrick Ryndak, a River Grove police officer, testified that in the early morning of July 11, 1972, he was on routine patrol in the area of a shopping center at Cumberland and Belmont in River Grove. The center comprises six or seven connected stores, including Cosmo's, a men's clothing store. There is an apartment complex and parking lot immediately behind the shopping center. In that parking lot, Officer Ryndak noticed a motorcycle which had no license plates or vehicle sticker. As he was examining the vehicle he heard a sound coming from the front

of the shopping center. He went to the front and observed plaintiff in a crouched position near the window of Cosmo's. As he approached, plaintiff stood up, and at the same time the officer observed an Army duffel bag and a grey pair of pants on the sidewalk within 4 or 5 feet from the window and 2 or 3 feet from plaintiff. The duffel bag contained a white pair of pants and a suit coat, the latter having a label reading, "Cosmo's, For Men Who Are, River Grove, Illinois." The window of the store was broken, and there were broken glass, a hammer and a cane on the ground. However, Ryndak had not seen the plaintiff use the cane or the hammer.

As Ryndak placed plaintiff under arrest and searched him, plaintiff stated that he also was a police officer and was carrying a weapon.

Plaintiff was called as an adverse witness and stated his name, occupation and star number. When asked his whereabouts at approximately 4:30 A.M. on the morning of July 11, 1972, he refused to answer this and all subsequent questions relative to the incident on the grounds that his answers may tend to incriminate him.

Cosmo Laudadio, president of Cosmo's Menswear Inc., was called as a witness and testified that he was summoned by the police to his store on July 11, 1972. He assumed some articles were missing from the store because the window was broken and a mannequin was turned over. Later, at the police station, he identified the clothing found at the scene and stated that they had been displayed on mannequins in the store window. He does not, however, arrange displays at the store, and there could have been 12 to 15 suits and 100 pair of white pants in his store similar to those he identified at the station. Furthermore, he stated that labels are not taken off the clothing when they are sold.

Plaintiff was subsequently charged with burglary and theft, and the Police Board commenced its action to remove plaintiff from the department.

## I.

Counsel for plaintiff argues that the written charges fail to state sufficient cause for discharge, i.e., that merely being found at the scene of a burglary and theft and being charged therewith are insufficient causes for dismissal.

■■ Procedures for removal of police in cities of more than 500,000 population are controlled by statute (Ill. Rev. Stat. 1971, ch. 24, par. 10—1—18.1), which provides in relevant part that:

> "In any municipality of more than 500,000 population, no officer * * * of the police department * * * may be removed or

discharged * * * *except for cause* upon written charges and after an opportunity to be heard in his own defense by the Police Board." (Emphasis added.)

██ The meaning of the term "cause" is not defined in the statute. Thus, the Board itself must interpret that term and determine what constitutes cause for dismissal. Its interpretation is then, in turn, subject to judicial review under the Administrative Review Act pursuant to section 10—1—45 of the Illinois Municipal Code. (Ill. Rev. Stat. 1971, ch. 24, par. 10—1—45.) This procedure was enunciated in *Etscheid v. Police Board,* 47 Ill.App.2d 124, 132, 197 N.E.2d 484, 488:

> "The police board is charged with the duty of determining what constitutes cause for removal. In reviewing the decision of such a board under the Administrative Review Act it is the function of a court to decide if the charges preferred by the board are not so trivial as to be unreasonable or arbitrary, if it acted on evidence that fairly tended to sustain the charges, and if its decision is related to the requirements of the service; a court is not at liberty to substitute its judgment for that of the board."

██ Likewise, in construing a related statute dealing with removal for cause of police officers serving in smaller communities, the court in *Coursey v. Board of Fire and Police Commissioners,* 90 Ill.App.2d 31, 234 N.E.2d 339, stated at page 37:

> "Although 'cause' is not defined by the statute, the courts have construed it to be some substantial shortcoming which renders the employee's continuance in office in some way detrimental to the discipline and efficiency of the service and which the law and sound public opinion recognize as good cause for his no longer holding the position."

See also *Davenport v. Board of Fire & Police Commissioners,* 2 Ill.App. 3d 864, 278 N.E.2d 212.

██ We believe the charge and finding that plaintiff was present at the scene of the burglary and theft, and was later formally charged therewith, could properly be deemed by the Board to state such a substantial shortcoming in a police officer as to render his continuance in office detrimental to the discipline and efficiency of the service. The charges are not so trivial as to be unreasonable or arbitrary. (See *Etscheid.*) The Board's decision is related to the requirement that officers maintain an unblemished standard of conduct, and it appears that its finding is based on an examination of the surrounding circumstances indicating that a valid basis existed for the charge of theft and burglary.

Nonetheless, plaintiff contends that the charges brought by the Board,

*i.e.,* the allegation that he was apprehended at the scene of a burglary and charged with burglary and theft, are insufficient in that they do not allege that he was guilty thereof, or was found guilty, or that he had even participated in the burglary.

The charges in administrative proceedings need not be drawn with the same precision required of pleadings in judicial actions. (*Joyce v. City of Chicago,* 216 Ill. 466, 75 N.E. 184; *Sudduth v. Board of Fire and Police Commissioners,* 48 Ill.App.2d 194, 198 N.E.2d 705.) They need only be sufficiently clear and specific to allow the preparation of a defense. See *Sudduth; Schyman v. Department of Registration & Education,* 9 Ill.App.2d 504, 133 N.E.2d 551.

We believe that the allegation that plaintiff was charged with burglary and theft adequately advised him that the inquiry would investigate the facts surrounding those charges. The purpose of the administrative hearing and investigation here was not to ascertain whether plaintiff had been charged but to determine whether the charge had some basis in fact. Nor, as plaintiff contends, does such an interpretation of the charges render them so vague as to fail to apprise plaintiff of the specific conduct to which objection was made. In any event, if plaintiff desired more information of the charge, then, as pointed out to him by the hearing officer, a bill of particulars could have been filed.

Thus, we believe the Police Board properly exercised its discretion in finding that the charges against plaintiff constituted a sufficient allegation of cause for dismissal.

Plaintiff next contends that the decision of the Board is not supported by substantial evidence appearing in the record.

The findings of an administrative agency will be set aside only where they are against the manifest weight of the evidence. (*Sudduth v. Board of Fire and Police Commissioners,* 48 Ill.App.2d 194; *Taylor v. Civil Service Com.,* 33 Ill.App.2d 48, 178 N.E.2d 200; *Adamek v. Civil Service Com.,* 17 Ill.App.2d 11, 149 N.E.2d 466.) In order to reach the conclusion that a particular finding is against the manifest weight of the evidence, this court must be satisfied that "an opposite conclusion is clearly evident." *Kelley v. Civil Service Com.,* 31 Ill.App.2d 115, 117, 175 N.E.2d 630, 632; *Arboit v. Gateway Transportation Co.,* 15 Ill.App.2d 500, 507, 146 N.E.2d 582, 586; *Ritter v. Hatteberg,* 14 Ill.App.2d 548, 555, 145 N.E.2d 119, 123.

Plaintiff's counsel argues here that the evidence is equally capable of an interpretation that plaintiff merely happened upon the scene of a burglary and was then discovered by the River Grove police. However, this argument was not raised before the Board and, although plaintiff

could and did properly exercise his Fifth Amendment right to refuse to answer the questions asked of him (*cf. Gardner v. Broderick*, 392 U.S. 273, 20 L.Ed.2d 1082, 88 S.Ct. 1913 (1968); *Confederation of Police v. Conlisk* (7th Cir. 1973) 489 F.2d 891, *cert. denied*, 416 U.S. 956, 40 L.Ed.2d 307, 94 S.Ct. 1971 (1974)), by doing so he limited the evidence available to the Board, and he may not now complaint that a decision based on these unexplained incriminating circumstances is unjust or unwarranted. From our review of the record we are of the opinion that the finding by the Police Board of cause for removal is not against the manifest weight of the evidence, and, because we believe that no opposite conclusion is clearly evident, the judgment is affirmed.

Affirmed.

DRUCKER and LORENZ, JJ., concur.