LORETTA OLSON et al., Plaintiffs-Appellees, v. THE DEPARTMENT OF REGISTRATION AND EDUCATION et al., Defendants-Appellants.

First District (2nd Division)   No. 77-140

Opinion filed August 1, 1978.

William J. Scott, Attorney General, of Chicago (Mary F. Stafford, Assistant Attorney General, of counsel), for appellants.

John F. Martoccio, of Chicago (Paul C. Ross, of counsel), for appellees.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This appeal arises from an administrative review, in the circuit court of

Cook County, of defendants' order revoking the real estate broker's and salesmen's licenses of plaintiffs. The circuit court found defendants' order violative of the Real Estate Brokers and Salesmen License Act (Ill. Rev. Stat. 1975, ch. 114½, pars. 108, 116), but did not reach the substantive issues raised in the complaint for administrative review.

On October 14, 1975, defendants, Department of Registration and Education, filed a complaint against plaintiff, Loretta Olson, a registered real estate broker, and plaintiffs John Olson and Clifford Kortas, registered real estate salesmen. Through this complaint defendants sought to revoke or suspend plaintiffs' licenses for engaging in deceptive business practices in violation of the laws of the State of Illinois and the regulations of defendants.

An administrative hearing was held before the Real Estate Examining Committee wherein three committee members and the nonvoting chairman were present. (Ill. Rev. Stat. 1975, ch. 114½, par. 108(b).) Plaintiffs were found guilty of making substantial misrepresentations and had demonstrated unworthiness and incompetency to act as real estate brokers or salesmen. It was recommended that plaintiffs' licenses be revoked. Only three committee members and the nonvoting chairman participated and concurred in the findings, conclusions and recommendations.

Plaintiffs thereafter filed an application for rehearing. The requested rehearing was denied and the Director of the Department of Registration and Education subsequently issued a final order revoking the licenses of plaintiffs.

Plaintiffs initiated an action for administrative review in the circuit court of Cook County. A three-count complaint was filed urging reversal of the Director's order and injunctive relief to prevent the enforcement of the order. On October 14, 1976, a hearing, in the circuit court of Cook County was commenced. On October 21, 1976, plaintiffs filed an amended complaint in which the composition of the Examining Committee was questioned.

On November 5, 1976, the circuit court entered an order reversing the order entered by the Director of the Department of Registration and Education. The order of the circuit court found (1) that the recommendation of the Examining Committee and the order of the Director were illegal and contrary to sections 8 and 16 of the Real Estate Brokers and Salesmen License Act (Ill. Rev. Stat. 1975, ch. 114½, pars. 108, 116), and (2) that the circuit court did not hear the substantive issues raised in the complaint for administrative review. It is from this order entered by the circuit court that defendants appeal.

■■ ■ Appellants contend that appellee should be precluded from presenting for appellate review an issue relating to the composition of the Examining Committee. This contention is based upon the fact that such

issue was not raised at the administrative hearing. However, the general rule that an appellate court should confine itself to issues raised in earlier proceedings is not a rigid or inflexible one, and, where injustice might otherwise result, a reviewing court may consider questions of law not passed upon by an administrative agency. (*Wadlington v. Mindes* (1970), 45 Ill. 2d 447, 259 N.E.2d 257.) Furthermore, since the issue was advanced in the amended complaint for administrative review, appellee is not precluded from raising it before this court. See *Jewell v. Carpentier* (1961), 22 Ill. 2d 445, 176 N.E.2d 767.

■■ The finding, by the circuit court, that the recommendation of the Examining Committee and the order by the Director of the Department of Registration and Education were invalid was based upon the composition of the Examining Committee. Section 8(b) of the Real Estate Brokers and Salesmen Licensing Act (Ill. Rev. Stat. 1975, ch. 114½, par. 108(b)) provides, in relevant part, that:

> "The Committee shall be composed of 7 persons 5 of whom have been a resident and citizen of this State for at least 6 years prior to the date of his appointment and actively engaged as a real estate broker or salesman or both for at least 10 years prior to such appointment and are not affiliated, either directly or indirectly, with any school regulated by the Department pursuant to Section 11 of this Act, and 2 of whom shall be representative of the public at large. The Commissioner shall act as Chairman of the Examining Committee, but without vote. * * * The action of a majority of the Committee is sufficient authority upon which the Director may act."

The circuit court found that the presence of three committee members and the nonvoting chairman at the hearing and the concurrence of these three members in the findings, conclusions and recommendations did not constitute the requisite "majority" of the committee. *Cf. Strickland v. Department of Registration & Education* (1978), 60 Ill. App. 3d 1, 376 N.E.2d 255.

Therefore, we also find that the order entered by the Director was contrary to law. Accordingly, the order entered by the circuit court of Cook County is hereby affirmed.

Affirmed.

DOWNING and PERLIN, JJ., concur.