JAMES ALAN MACK, Plaintiff-Appellant, *v.* COOK COUNTY POLICE and CORRECTIONS MERIT BOARD *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 80-250

Opinion filed February 25, 1981.—Rehearing denied April 15, 1981.

Linda J. Jaffe, of Keefe, Ehemann & Jaffe, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Paul P. Biebel, Jr., and Mark Richard Davis, Assistant State's Attorneys, of counsel), for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, James Alan Mack, appeals from a judgment of the trial court upholding a decision of the defendant, Cook County Police and Corrections Merit Board (Board), discharging him as a correctional officer of the Cook County Department of Corrections. On appeal, plaintiff contends that the decision of the Board was contrary to the manifest weight of the evidence. Plaintiff argues in the alternative that if the evidence against him was sufficient to warrant discipline, the Board order discharging him was an excessive penalty.

Richard J. Elrod, Sheriff of Cook County, filed a complaint before the Board charging that plaintiff had been tardy and absent an excessive number of times since his employment in 1973. More specifically, the

complaint charged plaintiff with being absent from duty without permission from September 12, 1977, through October 17, 1977. At the hearing, the Board requested that the evidence focus on the foregoing period of absence. Prior to the hearing, the parties entered a stipulation that plaintiff did not report for work as a correction officer from September 12, 1977, through October 16, 1977, and that he did not notify anyone in the Department of Corrections of his absence.

Plaintiff testified at the hearing that on February 15, 1977, he was placed on disability for a broken finger incurred in the course of his duties. In August 1977, Doctor Stromberg, to whom plaintiff had been referred for treatment, informed plaintiff that he was notifying the personnel department that plaintiff was to return to work on September 12. Plaintiff received a copy of that letter. Plaintiff further testified that in September 1977, he went to the County Building to inquire about returning to work. Myrtle Merriam, a county employee, told plaintiff the letter from Doctor Stromberg was too vague and that he would have to get the letter clarified.

On September 13, 1977, plaintiff went to Seattle where, because of his mother's illness, he stayed for 30 days. Despite the stipulation, plaintiff testified that before going to Seattle he telephoned an unnamed investigator and a Lieutenant McLaren of the department. Both men told plaintiff he need not have bothered telephoning; it was all right to go. McLaren was not plaintiff's superior. Plaintiff stated that he received notice of termination of his disability payments on October 17. It had been mailed in September.

Upon his return from Seattle, plaintiff reported back to work. On October 18, 1977, he was summoned to a meeting with his superiors. Plaintiff informed them that he would have gone to Seattle on September 18 to care for his mother even if he had returned to work on September 12. Plaintiff stated at the hearing that he had received two reprimands for tardiness and excessive absenteeism during his service. During his service as a correctional officer, he was also employed as a part-time security officer at Goldblatt's.

Lieutenant Harold McLaren testified that he was a superior in a division of the department. He knew plaintiff who at one time had been assigned to that division. McLaren did not recall receiving a telephone call from plaintiff in September and, in any event, he would not be the proper person to call regarding plaintiff's proposed absence.

Myrtle Merriam testified that she was a safety inspector for Cook County. On August 29, 1977, she talked to plaintiff when he came to pick up his disability check. She informed plaintiff that Doctor Stromberg's letter directed him to return to work on September 12 and she told plaintiff to get a release from the county medical department. Merriam

did not tell plaintiff the doctor's letter was vague nor did she tell him not to report to work on September 12. Merriam did not speak to plaintiff in September.

Prior to the hearings, plaintiff had been served with a *subpoena duces tecum* to produce his income tax records for 1974, 1975 and 1976. Despite promises to do so, plaintiff failed to produce the records. After the hearings, the Board did not receive the requested records.

On December 18, 1978, the Board entered an order discharging plaintiff as a correctional officer. Its findings recited that plaintiff was absent from his post in excess of his allowed vacation, sick and personal time; and that he had never complied with the subpoena for his tax records, although ordered to do so by the Board.

Plaintiff contends that the findings of the Board were contrary to the manifest weight of the evidence. It is fundamental that the findings of an administrative body are prima facie true and correct. (Ill. Rev. Stat. 1979, ch. 110, par. 274.) In reviewing findings of an administrative agency, courts may set aside findings only if they are against the manifest weight of the evidence and may not review the evidence or make independent determination of facts. (*Kelley v. Civil Service Com.* (1961), 31 Ill. App. 2d 115, 175 N.E.2d 630.) A Board decision should not be reversed by a reviewing court unless the opposite conclusion is clearly evident; a reviewing court determines only whether there is any evidence which fairly tends to support the Board's decision. *Etscheid v. Police Board* (1964), 47 Ill. App. 2d 124, 197 N.E.2d 484.

■■ In the present case, the Board had before it uncontroverted evidence that plaintiff was absent from duty for 34 consecutive days. The evidence was overwhelming that this absence was unexcused and taken without permission despite plaintiff's full awareness that he was to return to duty on September 12, 1977. Plaintiff's vague testimony on these issues was contradicted by that of Merriam and McLaren, and also by plaintiff's own stipulation. The credibility of witnesses was for the Board's determination, and its resolution of credibility finds ample support in the record. (*Keen v. Police Board* (1979), 73 Ill. App. 3d 65, 391 N.E.2d 190.) The Board's decision was not contrary to the manifest weight of the evidence.

■■■ Plaintiff argues in the alternative that the penalty of discharge was excessive. A Board's decision to dismiss a public employee for cause will not be reversed unless it is based on charges unrelated to the requirements of the service, or so trivial as to render the decision unreasonable or arbitrary. (*Humbles v. Board of Fire & Police Commissioners* (1977), 53 Ill. App. 3d 731, 368 N.E.2d 1049; *Kelly v. Police Board* (1975), 25 Ill. App. 3d 559, 323 N.E.2d 624.) Cause is some substantial shortcoming which renders a public employee's continuance in employment detrimental to the discipline and efficiency of the service. (See *Kreiser v. Police Board*

230

(1976), 40 Ill. App. 3d 436, 352 N.E.2d 389, *aff'd* (1977), 69 Ill. 2d 27, 370 N.E.2d 511.) We hold that a 34-day unexcused absence from duty by a correctional officer is a substantial breach very much related to the requirements of the service. The Board's decision to discharge plaintiff as a correctional officer is not an excessive penalty.

Accordingly, the judgment of the circuit court of Cook County upholding the Board's decision is affirmed.

Judgment affirmed.

RIZZI, P. J., and WHITE, J., concur.