CHARLES O. McDONALD, Sheriff of Kendall County, Plaintiff-Appellant, v. THE COUNTY BOARD OF KENDALL COUNTY *et al.*, Defendants-Appellees.

Second District    No. 2—85—0818

Opinion filed August 22, 1986.—Rehearing denied October 6, 1986.

John H. Kelly and Thomas F. McGuire, both of Thomas F. McGuire & Associates, Ltd., of Long Grove, for appellant.

Roger A. White & Associates, Ltd., of Lake Bluff, for appellees.

JUSTICE WOODWARD delivered the opinion of the court:

This appeal is taken by the sheriff of Kendall County, Charles McDonald, from the decision of the circuit court of Kendall County granting the Kendall County board's motion to dismiss based upon appellant's failure to state a cause of action in his complaint for declaratory judgment. The facts are not in dispute.

At the time McDonald took office there was in place an agree-

ment between his predecessor and the State's Attorney, Dallas Ingemunson, regarding the duties of three deputies from the sheriff's department. In essence the agreement provided for the three deputies to work for the State's Attorney's office as criminal investigators, while remaining on the sheriff's payroll. McDonald's attempts to supervise or otherwise control these deputies were unsuccessful until, in November 1984, both McDonald and Ingemunson were sued in their official capacities for alleged improper supervision of one of these three deputies who participated in a raid of a pornographic bookstore in Kendall County. On January 8, 1985, McDonald acted to order those three deputies assigned to the State's Attorney's office to be returned to the sheriff's department and to be placed under the supervision of that department.

Also in November 1984, the Kendall County board adopted its 1984-85 budget for the fiscal year beginning December 1, 1984. Included in the budget was a $99,500 item for "Investigations." The precise itemization of these monies for investigatory purposes was submitted to both Sheriff McDonald and State's Attorney Ingemunson for their signed approval. From December 1, 1984, to February 1, 1985, all claims made against this budget for investigations were jointly endorsed by McDonald and Ingemunson.

Owing to the apparent discord between these two parties regarding the status of the affected deputies, a special meeting of the tax and finance committee of the Kendall County board was held January 15, 1985, and a vote taken as to the future disposition of the monies in the "Investigations" fund. At that meeting it was decided that the money in the fund would essentially be divided equally between the offices of the sheriff and State's Attorney. Sheriff McDonald contends that such an action has resulted in the loss of two full-time deputy sheriffs from his department.

Sheriff McDonald thereupon filed suit in the circuit court of Kendall County. In his complaint, McDonald asked for a declaration of the rights of the sheriff's department with respect to the money from the "investigations" budget item that was designated for the State's Attorney's operations. On July 17, 1985, the circuit court ruled that this complaint failed to state a cause of action. An order was issued August 1, 1986, allowing plaintiff leave to amend his complaint. At the same time the circuit court denied McDonald's motion seeking appointment of a special State's Attorney. Subsequently, plaintiff's first amended complaint was dismissed for again failing to state a cause of action. Appointment of a special State's Attorney was sought for the second time and was denied. It is from these actions of the circuit

court that plaintiff appeals.

It is the plaintiff's position that the January 15, 1985, decision of the Kendall County board constitutes an unlawful attempt by the board to control the internal operations of the sheriff's office through the impermissible firing and hiring of sheriff's personnel. Further, plaintiff seeks reversal of the circuit court's refusal to appoint a special State's Attorney to represent the interests of the sheriff's department.

■ By filing suit for a declaratory judgment, one does not obviate the need for setting forth sufficient facts as will establish a cause of action. A declaratory judgment action is strictly procedural in itself and does not serve to create any new substantive rights (*Berk v. County of Will* (1966), 34 Ill. 2d 588, 591; *La Salle Casualty Co. v. Lobono* (1970), 93 Ill. App. 2d 114, 117.) What is relevant for an actionable controversy is not the interest a party assumes in his pleadings, but rather his interests as defined by the law. (*Underground Contractors Association v. City of Chicago* (1977), 66 Ill. 2d 371, 376.) This is not to say plaintiff must plead his entire cause in his complaint. Such facts as set forth in the complaint need only allege appropriate grounds for a declaration of rights. (*Partney v. Dallas* (1969), 111 Ill. App. 2d 261, 265.) However, it is still necessary to allege facts that, if proved, would entitle petitioner to relief. What plaintiff must be able to show here is that those facts alleged do establish an unwarranted interference at law in the affairs of the sheriff's department.

Plaintiff cites certain authority for the principle that a county board cannot lawfully control the hiring, firing, promotion, or compensation of sheriff's employees. (See *Kotche v. County Board* (1980), 87 Ill. App. 3d 1127, 1131 (beyond statutory and budgetary power of the county board to require county clerk to seek board approval for pay raise of employee or reclassification of several other employees of clerk's office); *Heller v. County Board* (1979), 71 Ill. App. 3d 31, 38 (held that county board could not hire employees in the office of the supervisor of assessments nor could it adopt organizational charts and job classifications which divest the supervisor of assessments of his statutory responsibilities for control of internal operations).) But the action of the Kendall County board does not parallel those taken in the *Kotche* and *Heller* cases. Rather than an improper internal interference with the sheriff's authority, the board appears to have acted to avoid such an eventuality. The board moved to maintain the status quo in regard to the service being funded with county monies but to eliminate the departmental friction accompanying the necessary investigative work of the State's Attorney's office.

The crux of plaintiff's argument is based on the assertion that the duties attendant to investigating criminal incidents are under the exclusive control of the sheriff. Plaintiff points out that by statute:

"No county board may alter the duties, powers and functions of county officers that are specifically imposed by law. A county board may alter any other duties, powers or functions or impose additional duties, powers and functions upon county officers." (Ill. Rev. Stat. 1985, ch. 34, par. 429.18.)

However, the only basis plaintiff relies upon to establish the duty of investigation "specifically imposed by law" is that portion of the statutory power of the sheriff's office granting the sheriff exclusive control of the "internal operations" of that department. (Ill. Rev. Stat. 1985, ch. 125, par. 14(a).)

■ In fact, there is authority to the contrary to the effect that the State's Attorney is charged with an affirmative duty to investigate. It has been held that the duties of the State's Attorney require an investigation into the facts of an incident. (*People v. Pohl* (1964), 47 Ill. App. 2d 232, 242; see also *Ware v. Carey* (1979), 75 Ill. App. 3d 906, 914 (citing *Pohl* and additionally holding duty to evaluate evidence and other pertinent factors to determine the offense).) The creation of an "investigations" item in the county budget and an equal assignment of those funds to the State's Attorney's and sheriff's budgets is not an infringement on any exclusive prerogatives of the sheriff. The sole reliance upon the power to "control internal operations" is also misplaced because the State's Attorney's statutory grant of authority provides for the same control over "internal operations." Ill. Rev. Stat. 1985, ch. 14, par. 5a.

■ Since investigatory responsibilities are the exclusive domain of no one county officer, to attack the action of the county board plaintiff must show an abuse of discretion by the board. County boards can exercise only such powers as are expressly stated by law or are derived by necessary implication therefrom or are required to carry into effect the object and purpose of their creation. (*Heidenreich v. Ronske* (1962), 26 Ill. 2d 360, 364-65; *Connelly v. County of Clark* (1973), 16 Ill. App. 3d 947, 949.) Given the limit mentioned herein, *i.e.*, a county board may not usurp the power of any county officer "specifically imposed by law" (Ill. Rev. Stat. 1985, ch. 34, par. 429.18), the fundamental duty of the county board to the county entities is provided for by statute:

"[I]t shall be the duty of the county board of each county ***[t]o provide reasonable and necessary expenses for the use of the county board, county clerk, county treasurer, recorder,

sheriff, coroner, State's attorney, superintendent of schools, judges and clerks of courts and supervisor of assessment." (Ill. Rev. Stat. 1985, ch. 34, par. 432.)

Such section has been held to grant to the county board the power to determine the amount of county funds to be expended and the purpose for the expenditure. (*People ex rel. Bier v. Scholz* (1979), 77 Ill. 2d 12; see also *Heller v. County Board* (1979), 71 Ill. App. 3d 31.) Upon objection to a levy by the board, it is presumed the board has properly discharged its duty and has not abused its discretion. (*People ex rel. Bergan v. New York Central R.R. Co.* (1946), 392 Ill. 525, 533; *Mack v. Cook County Police & Corrections Merit Board* (1981), 94 Ill. App. 3d 227, 229.) The court's function in this appeal is to determine whether there is any evidence which fairly tends to support the board's decision. Plaintiff has not set forth any set of facts that could show a failure of the county board to provide necessary and reasonable expenses for the sheriff's department.

Finally, we address the allegation that the county board acted to illegally create a police force inside the State's Attorney's office. The argument that the mere funding of an "investigations" unit in the State's Attorney's office is the equivalent of the creation of a police force finds no support in the record. Even if it were established that such a police force did exist in the State's Attorney's office, plaintiff has not set forth any facts to indicate the county board's creation or management of such a force.

■ The other principal issue raised by plaintiff involves the denial by the circuit court of plaintiff's petition for appointment of a special State's Attorney.

By statute, the office of the State's Attorney is charged with the duty to prosecute and defend all actions involving county officers in their official capacity. (Ill. Rev. Stat. 1985, ch. 14, par. 5.) The statutory provision further provides for the appointment of a special State's Attorney when the State's Attorney is "sick or absent, or unable to attend or is interested in any cause or proceeding." (Ill. Rev. Stat. 1985, ch. 14, par. 6.) The appointment of a special State's Attorney under this provision requires the exercise of judicial discretion in determining whether a contingency authorizing the exercise of such power exists. (*Armentrout v. Dondanville* (1979), 67 Ill. App. 3d 1021, 1030; *In re Petition of McNulty* (1978), 60 Ill. App. 3d 701, 704.) In this matter plaintiff claims that the State's Attorney is an interested person in this litigation and that therefore a special State's Attorney is warranted.

■■ The term "interested" as used in this statute has been in-

terpreted by the Illinois Supreme Court to mean that the State's Attorney must be interested as (1) a private individual; or (2) a party to the action. (*Environmental Protection Agency v. Pollution Control Board* (1977), 69 Ill. 2d 394, 400; *People v. Trolia* (1982), 107 Ill. App. 3d 487, 496.) Since this suit is brought by the county sheriff against the county board, the State's Attorney is not a party to the litigation. However, it is clear that the State's Attorney does have a personal interest in this suit as it arises out of a direct controversy between the sheriff and State's Attorney concerning formerly shared resources. The State's Attorney was faced with the distinct possibility of being called as a witness in this matter if a hearing had been necessary. Such a possibility has been held to necessitate the appointment of a special State's Attorney. (*People v. Moretti* (1953), 415 Ill. 398, 400; *People v. Doss* (1943), 384 Ill. 400, 404-05.) Further, it was made plain by State's Attorney Ingemunson that he was "interested" in this litigation by his filing of a petition for the appointment of a special State's Attorney. In his petition requesting that a special State's Attorney be appointed for the Kendall County board, Ingemunson states that such appointment was necessary because "the State's Attorney is accordingly interested in the litigation."

Accordingly, the order of the circuit court granting the motion to dismiss plaintiff's complaint is affirmed, and we reverse the decision of the trial court denying appointment of a special State's Attorney and remand this cause to the trial judge for the purpose of appointing plaintiff's attorney as a special State's Attorney pursuant to applicable statutory authority (Ill. Rev. Stat. 1985, ch. 14, sec. 6) and to thereafter ascertain the appropriate fees to which plaintiff's attorney is entitled for representation of the plaintiff in this cause inclusive of appeal.

Judgment affirmed in part, reversed in part and remanded with directions.

NASH, P.J., and HOPF, J., concur.