FOURTH DIVISION
December 17, 2009

No. 1-08-3415

| | | |
|---|---|---|
| MICHELLE MARZANO | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 08 CH 5503 |
| | ) | |
| THE COOK COUNTY SHERIFF'S MERIT BOARD and | ) | Honorable |
| its Members, James P. Nally, Chairman; Michael D. Carey, | ) | Mary K. Rochford |
| Vice Chairman; Arthur R. Waddy, secretary; Mary Nell | ) | Judge Presiding. |
| Greer; Robert F. Hogan; Brian J. Riordan; Byron T. | ) | |
| Brazier; and Daniel J. Lynch; and THOMAS DART, | ) | |
| Sheriff of Cook County, and MICHAEL F. SHEAHAN, | ) | |
| Former Sheriff of Cook County, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

In this administrative review action, plaintiff, Michelle Marzano, appeals from a decision

of the circuit court affirming the January 24, 2008, decision of defendant Cook County Sheriff's

Merit Board and its members (collectively, the Board) that plaintiff be discharged from

employment, effective July 11, 2006. We affirm.

I. BACKGROUND

Plaintiff was employed by the former and present sheriff of Cook County (collectively,

the Sheriff). She was appointed a correctional officer and assigned to the Cook County

Department of Corrections on November 16, 1978. The Sheriff has an unauthorized no-pay

status policy (the Policy) as to employees who do not come to work despite the fact that they are in no-pay status because they have no remaining benefit time (*i.e.*, sick days or vacation days). The Policy covers all officers in no-pay status who are off work without authorization, regardless of the reason for their absence. It is undisputed that the Sheriff, pursuant to a consent decree entered in *Duran v. Sheahan*, 74 C 2949, has been required to take affirmative steps in order to provide adequate staffing at the Department of Corrections (*Duran* consent decree). The Policy was instituted to address the serious absentee condition which, among other things, had adverse effects on jail operations.

Plaintiff was charged with violations of the Policy. On July 12, 2006, the Sheriff filed a complaint before the Board against plaintiff seeking her termination as a Cook County correctional officer. The following is a summary of the relevant allegations contained in the complaint:

(1) on April 18, 2005, plaintiff was in unauthorized no-pay status;

(2) on April 19, 2005, plaintiff was counseled and notified of her options to seek family medical leave or ordinary disability leave, yet plaintiff continued to use benefit leave time improperly;

(3) on or about August 22, 2005, plaintiff received a written reprimand for being in unauthorized no-pay status;

(4) on or about October 13, 2005, a complaint investigation was sustained against plaintiff for being in unauthorized no-pay status with a recommended penalty for a 13-day suspension;

(5) on or about November 1, 2005, another complaint investigation was sustained against plaintiff for being in unauthorized no-pay status with a recommended penalty for a 15-day suspension;

(6) on December 20, 2005, plaintiff applied for family medical leave and her request was denied;

(7) on or about December 30, 2005, a complaint investigation was sustained against plaintiff for being in unauthorized no-pay status with a recommended penalty for a 29-day suspension;

(8) plaintiff, in unauthorized no-pay status, failed to report for duty a total of 21 days between January 9, 2006 and February 20, 2006;

(9) plaintiff's actions violated certain rules and regulations of the Cook County Department of Corrections, specifically, General Order 3.8, section III A-4 and section III D-7 (which mandate that employees will comply with lawful department rules, procedures, directives, bulletins and verbal orders issued by proper authorities, and that employees will utilize all benefit time leave categories properly); and

(10) plaintiff's actions violated the Board's rules and regulations, specifically, Article X, section 3 (which provides that no police officer shall violate any of the general orders, special orders, directives, or rules and regulations of the Sheriff).

A hearing on the matter was held on November 14, 2007, before the Board, and both parties were represented by counsel. On January 24, 2008, the Board found that the evidence showed that plaintiff was "absent with no sick time and was in unauthorized no-pay status for 19

days in January and February 2006." The Board concluded that plaintiff violated General Orders 3.8 III A-4 and III D-7, the Sheriff's unauthorized no-pay status policy, and Article X, section 3 of the Board's rules and regulations. The Board ordered that plaintiff's employment be terminated for cause.

Plaintiff filed a timely complaint in the circuit court of Cook County seeking administrative review of the Board's decision to terminate her employment. The circuit court affirmed the Board's decision. Plaintiff now appeals.

## II. ANALYSIS

Plaintiff raises three issues in this appeal, which are interrelated and which we restate as follows: (1) whether the Board's decision to terminate plaintiff was in error where her absences were due to her medical condition; (2) whether the Board incorrectly failed to consider an arbitration award which had found the Policy unreasonable; and (3) whether plaintiff's due process rights were violated when the Board terminated her employment.

### A. The Board's Decision to Discharge Plaintiff was Not In Error

In an administrative review case, we review the decision of the administrative agency, not the circuit court decision. *Marconi v. Chicago Heights Police Pension Board*, 225 Ill. 2d 497, 531, 870 N.E.2d 273, 292 (2006). Our scope of review of an administrative agency's decision to discharge an employee is a two-step process. *Walsh v. Board of Fire & Police Commissioners*, 96 Ill. 2d 101, 105, 449 N.E.2d 115, 117 (1983). The first step in our analysis is to determine whether the agency's findings of fact are contrary to the manifest weight of the evidence. *Walsh*, 96 Ill. 2d at 105, 449 N.E.2d at 117. Plaintiff did not make any claim in the circuit court that the

Board's findings of fact were against the manifest weight of the evidence, nor does she make any claim in this appeal.

The second step in our analysis is to determine if the Board's findings of fact provide a sufficient basis for its conclusion that cause for discharge exists. *Walsh*, 96 Ill. 2d at 105, 449 N.E.2d at 117. The Illinois Supreme Court has "defined 'cause' as 'some substantial shortcoming which renders [the employee's] continuance in his office or employment in some way detrimental to the discipline and efficiency of the service and something which the law and a sound public opinion recognize as a good cause for his not longer occupying the place.' [Citations.] " *Walsh*, 96 Ill. 2d at 105, 449 N.E.2d at 117. The Board, and not the reviewing court, is in the best position to determine the effect of an employee's conduct on the department. *Hermesdorf v. Wu*, 372 Ill. App. 3d 842, 852, 867 N.E.2d 34 (2007). Thus, as the *Walsh* court explained, considerable deference must be afforded to an administrative finding of "cause" for discharge and it is not to be overturned unless it is arbitrary and unreasonable or unrelated to the requirements of the service. *Walsh*, 96 Ill. 2d at 105, 449 N.E.2d at 117.

Plaintiff, relying on *Walsh*, contends that because her absences in violation of the Policy were related to her medical condition, this court must overturn the Board's decision. We agree with defendants that plaintiff's reliance on *Walsh* is misplaced.

*Walsh* involved a police officer who, while *already* on disability leave for psychological problems, committed the acts which resulted in his discharge. *Walsh*, 96 Ill. 2d at 107, 449 N.E.2d 115. Because the evidence pertaining to those psychological problems was so vague, and because the Board's decision to dismiss the officer for cause might jeopardize the officer's

pension, the supreme court remanded the case for a more thorough examination of the officer's psychological problems. *Walsh*, 96 Ill. 2d at 108, 449 N.E.2d 115. The court further held that if it was determined the officer's misconduct was related to his psychological problems, the sanction against him should be other than discharge for cause. *Walsh*, 96 Ill. 2d at 108, 449 N.E.2d 115. *Walsh* did not involve a discharge for violation of a no-fault attendance policy. The issue in the instant case was whether plaintiff's excessive unexcused absences under a no-fault attendance policy constituted a substantial breach reasonably related to the requirements of service, thereby establishing cause for termination.

Plaintiff misinterprets *Walsh* as standing for the general proposition that she cannot be discharged because her absences were caused by her medical condition. Under Illinois law, an employer may fire an employee for unexcused absences when they become excessive. *Hartlein v. Illinois Power Co.*, 151 Ill. 2d 142, 601 N.E.2d 720 (1992). Plaintiff's discharge was for numerous unexcused absences. On April 19, 2005, plaintiff was counseled and notified of her options to apply for family medical leave or ordinary disability leave. Nonetheless, even after she was counseled, she missed numerous days and she did not apply for family medical leave until December 20, 2005. Additionally, she did not apply for disability until June 2006, which was four months after she had missed 20 days without any benefit time on the books. Although plaintiff was progressively disciplined, it had no deterrent effect on her behavior.

Management's right to discipline and ultimately to discharge an employee for absenteeism and tardiness is based on its right to operate efficiently. This court has held that a 34-day unexcused absence from duty by a correctional officer was a substantial breach very much

related to the requirements of the service. *Mack v. Cook County Police & Corrections Merit Board*, 94 Ill. App. 3d 227, 230, 418 N.E.2d 788, 790 (1981). We agree with defendants that plaintiff's continued inability to come to work effectively turned her full-time position into a part-time job that clearly had a significant impact on the operation of the sheriff of Cook County. The Board's finding of "cause" for discharge of plaintiff was not arbitrary or unreasonable.

We further note that our decision is consistent with the recent case of *Cruz v. Cook County Sheriff's Merit Board*, 394 Ill. App. 3d 337, 342, 914 N.E.2d 653, 658 (2009), which is factually similar to the instant case in that it also involved a correctional officer discharged for violations of the subject Policy. Similar to plaintiff here, the officer in *Cruz* called in sick even though she did not have any accrued sick days. As this court explained, although the plaintiff provided medical notes for her absences, "they were irrelevant under the Policy, since establishing that she was actually sick did not negate the fact that she had no more sick days." *Cruz*, 394 Ill. App. 3d at 342, 914 N.E.2d at 658. Moreover, "[i]f an employee has used all his sick days, it is irrelevant that he has a legitimate medical excuse for not attending work, *because he is informed at the first (counseling) stage that he may apply for family medical leave or disability leave.*" (Emphasis added.) *Cruz*, 394 Ill. App. 3d at 339, 914 N.E.2d at 655. In sum, we conclude that the Board's decision to discharge plaintiff for violations of the Policy and her numerous unexcused absences was not in error.

### B. The Board Correctly Did Not Consider an Arbitration Award

Plaintiff also argues that the Board's decision was clearly erroneous for failing to recognize the binding legal effect of an arbitration award in a collective bargaining agreement

1-08-3415

matter brought before the Illinois Labor Relations Board by the Metropolitan Alliance of Police, the union representing sheriff's correctional officers (the Union), against the County of Cook and the sheriff of Cook County (employers). *Metropolitan Alliance of Police v. Sheriff of Cook County* (January 10, 2007). In that matter, the arbitrator had been asked to determine whether the employers' unilateral implementation of the Policy, without providing notice to the Union or an opportunity to bargain, violated the collective bargaining agreement between the parties and/or any past practice.

The arbitrator acknowledged that the Sheriff's decision to institute the Policy was justifiable in view of (1) the degree of unauthorized absenteeism and its adverse effects on jail operations; (2) the direct and indirect costs of that absenteeism; and (3) the Sheriff's obligation to comply with the *Duran* consent decree. Interestingly, the arbitrator also noted that it has long been held in labor arbitration matters that "repeated absences over a long period of employment for *valid reasons* such as genuine illnesses, may make an employee of so little value, if not an actual handicap to the Company, as to justify a severance of the employment relationship." (Emphasis in original) *Metropolitan Alliance of Police v. Sheriff of Cook County*, slip op. at 15-16. The arbitrator also acknowledged the legitimacy of no-fault attendance policies, such as the subject Policy. The arbitrator ultimately concluded that the employers had not violated the collective bargaining agreement or any past practice when they unilaterally implemented the Policy because they were under no obligation to bargain with plaintiff regarding it. Nevertheless, after finding that the Policy was properly adopted and did not violate the collective bargaining agreement of the parties, the arbitrator went further and found that the Policy was unreasonable.

8

On February 8, 2007, prior to the administrative hearing, plaintiff, along with five other correctional officers who had matters pending before the Board, including the plaintiff in the *Cruz* case discussed earlier, filed a motion to dismiss the charges against her based on the arbitrator's finding that the Policy was unreasonable. The Board, concluding that it was not bound by the decision of another administrative agency or its finding that the Policy was unreasonable, denied plaintiff's motion to dismiss.

It should be noted that the arbitrator's decision was reviewed by this court in *Metropolitan Alliance of Police, Cook County Correctional Officers Chapter 222 v. County of Cook*, No. 1-08-0282 (2008) (unpublished order under Supreme Court Rule 23) (*Metropolitan* Rule 23 order). We determined that the arbitrator had exceeded his authority, because the issue of officer discipline was not subject to arbitration and the arbitrator was limited to reviewing only the unilateral implementation of the Policy. *Metropolitan* Rule 23 order; see also *Cruz v. Cook County Sheriff's Merit Board*, 394 Ill. App. 3d at 341, 914 N.E.2d at 657. In so doing, we relied upon the well-established legal propositions outlined in the case of *Shultz v. Atlantic Mutual Insurance Co.*, 367 Ill. App. 3d 1 (2006), that parties are only bound to arbitrate those specific issues agreed to, that arbitration agreements will not be extended by implication or construction, and that the Illinois Uniform Arbitration Act (710 ILCS 5/12(b)(West 2006)) does not control which issues are subject to arbitration – only the agreement of the parties does, and this, in turn, limits the arbitrator's powers. See *Shultz*, 367 Ill. App. 3d at 10-11, citing *Flood v. Country Mutual Insurance Co.*, 41 Ill. 2d 91, 93-94 (1968).

After reviewing the collective bargaining agreement between the parties, we further noted

that the parties had agreed, among other things, that matters falling within the jurisdiction of the Merit Board could not be challenged as a grievance and that Merit Board action was subject to administrative review of the circuit court of Cook County. We also explained that "even if" officer discipline under the Policy had been submitted as an issue upon arbitration, this would have been improper pursuant to the very agreement of the parties. That is, pursuant to the collective bargaining agreement, the actions of the Board, which is the body that imposes discipline under the Policy, would be reviewable only by the circuit court of Cook County, and not by an arbitrator. *Metropolitan* Rule 23 order.

In discussing the *Metropolitan* Rule 23 order, we explained in *Cruz v. Cook County Sheriff's Merit Board*, that in *Metropolitan*, we "vitiated all provisions of the Award beyond the arbitrator's finding that the Policy was duly adopted and not contrary to the collective bargaining agreement. [Citation.] " *Cruz*, 394 Ill. App. 3d at 342, 914 N.E.2d at 658. The *Cruz* court, addressing the particular facts presented in *Cruz*, went on to conclude that it saw "nothing arbitrary or unreasonable" about the employer's decision to terminate the plaintiff's employment, in view of her "multiple unauthorized absences from work, following earlier and repeated discipline for the same." *Cruz*, 394 Ill. App. 3d at 342, 914 N.E.2d at 658. The court further stated that it found "nothing unreasonable about the Policy's proviso that medical notes for unauthorized sick days do not excuse them. The Policy provides two alternatives to an officer's expended sick days – family medical leave and disability leave – and provides that an officer will be informed of these options before any further disciplinary steps." *Cruz*, 394 Ill. App. 3d at 343, 914 N.E.2d at 659.

The *Cruz* court, in addition to noting that the arbitrator had "inappropriately" addressed the issue of the reasonableness of the Policy, stated that it did not find the arbitrator's decision "particularly persuasive on this point." *Cruz*, 394 Ill. App. 3d 343, 914 N.E.2d at 658. As the *Cruz* court explained, it had a "particular case" to consider, while the arbitrator had addressed the reasonableness of the Policy "in the abstract." *Cruz*, 394 Ill. App. 3d 343, 914 N.E.2d at 658.

In the instant case, similar to *Cruz*, we also have a particular case to consider. In the factual context of the instant case, we conclude that the Board properly disregarded the arbitration award that found the Policy unreasonable. As correctly noted, in both the *Metropolitan* Rule 23 order and the *Cruz* case, the Policy was reasonable and the arbitrator exceeded his authority by addressing the reasonableness of the Policy.

C. Plaintiff's Contention That Her Due Process Rights Were Violated is Meritless

Plaintiff asserts that her termination from employment diminished her protectable property interest in her pension. She correctly notes that a public pension in Illinois is "an enforceable contractual relationship, the benefits of which shall not be diminished or impaired." Ill. Const. 1970, art. XIII, §5. Plaintiff asserts that if her medical condition improves, and she is no longer eligible for the disability payments that she is currently receiving from the pension board, her pension benefit will be less than it would have been had she remained an employee. While this may be accurate, plaintiff has nonetheless failed to make any argument with respect to how the contractual relationship was violated by her discharge.

Plaintiff raises another due process argument. While conceding that she had a hearing on her misconduct, plaintiff argues that the due process afforded her during the hearing was

1-08-3415

inadequate because of the Board's failure to consider, and follow, the arbitration award that had found the Policy to be unreasonable. As we have already noted, the Board correctly ignored the arbitration award which resulted from the arbitrator exceeding his authority. Moreover, the Policy is reasonable.

Plaintiff's arguments that her due process rights were violated have no merit. She has failed to argue that her contractual right to a pension was violated by her discharge for cause. She has also failed to show that the Board's hearing did not afford her sufficient due process.

### III. CONCLUSION

Plaintiff has failed to raise any issues that would warrant reversal of the Board's decision on administrative review. For all of the foregoing reasons, we affirm the decision of Cook County Sheriff's Merit Board.

Affirmed.

O'BRIEN and GALLAGHER, JJ., concur.